IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JONATHAN MAYO,**

    Plaintiff,

v.                                                   Civil Action No. **3:21CV454**

**UNKNOWN,**

    Defendant.

### MEMORANDUM OPINION

    Plaintiff, a Virginia inmate proceeding *pro se*, submitted a letter asking for "instructions on how to obtain a criminal arrest warrant" to report alleged violations of federal law. (ECF No. 1, at 1.) By Memorandum Order entered on July 28, 2021, the Court explained that it could not "initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Plaintiff as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). However, the Court provided Plaintiff with an opportunity to file a civil complaint in this Court and directed the Clerk to mail Plaintiff a standardized form for filing a 42 U.S.C. § 1983 complaint. The Court explained that if Plaintiff wished to file a complaint at this time, he should complete and return the form to the Court within fourteen (14) days of the date of entry thereof.

2

The Court noted that if Plaintiff failed to take any action within that time, the Court would dismiss the action without prejudice.  *See* Fed. R. Civ. P. 41(b).

More than fourteen (14) days have elapsed and Plaintiff has not completed and returned the § 1983 complaint form.  Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

/s/
M. Hannah Lauck
United States District Judge

Date: August 20, 2021
Richmond, Virginia